## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TASHAKI WALTON**

v.

**JACKSON POLICE DEPARTMENT, CITY
OF JACKSON MISSISSIPPI, CARL ELLIS,
JUANTAVIOUS MATTHEW, DONTAVIOUS
LEE, AND JOHN DOES 1-5**

FILED

MAY 02 2025

ARTHUR JOHNSTON
BY _____ DEPUTY

**PLAINTIFF**

Civil Action No.: _____
3:25-CV-314-CWR-ASH

**DEFENDANTS**

### COMPLAINT
### (Jury Trial Demanded)

COMES NOW, Plaintiff Tashaki Walton, by and through counsel, files this Complaint against the Defendants, and for cause, would show the following:

### PARTIES

1.      Plaintiff is an adult resident of Hinds County, Mississippi.

2.      Defendant Jackson Police Department (JPD) is located at 327 East Pascagoula Street, Jackson, MS 39205 and be served through the Chief of Police, Joseph Wade, may be served with process.

3.      Defendant City of Jackson Mississippi is located at 219 South President Street, Jackson, MS 39201. Mayor Chokwe Antar Lumumba or his successor John Horhn may be served with process. Defendant City of Jackson Mississippi supervised and directed the operations, training and policies of the Jackson Police Department.

4.      Defendant Juantavious Matthew in his individual and official capacities, is an adult resident citizen of Mississippi. Defendant Juantavious Matthew, in his individual and personal capacities, alleging he acted under color of state law to violate Plaintiff's constitutional, statutory

and common law rights. He may be served with process by service of a Summons and Complaint upon him at his place of employment, 327 East Pascagoula Street, Jackson, MS 39205.

5.    Defendant Carl Ellis in his individual and official capacities, is an adult resident citizen of Mississippi. Defendant Carl Ellis, in his individual and personal capacities, alleging he acted under color of state law to violate Plaintiff's constitutional, statutory and common law rights. He may be served with process by service of a Summons and Complaint upon him at his place of employment, 327 East Pascagoula Street, Jackson, MS 39205.

6.    Defendant Dontavious Lee in his individual and official capacities, is an adult resident citizen of Mississippi. Defendant Dontavious Lee, in his individual and personal capacities, alleging he acted under color of state law to violate Plaintiff's constitutional, statutory and common law rights. He may be served with process by service of a Summons and Complaint upon him at his place of employment, 327 East Pascagoula Street, Jackson, MS 39205.

7.    Defendant John Does 1-5 are agents, entities, or other persons acting in their individual and official capacities, are those other persons whose wrongful conduct caused or contributed to the injuries and damages of the Plaintiff, all whose true and correct names are unknown to the Plaintiff at this time, but will be joined by amendment when ascertained.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the U.S. Constitution and federal law, including violations of Plaintiff's under 42 U.S.C. § 1983.

9.    Venue is proper in this district under 28 U.S.C. § 1391 because the substantial acts, omissions, or events that gave rise to this Complaint occurred in Hinds County, Mississippi.

## FACTUAL BACKGROUND

10.    On or about March 2, 2024, Plaintiff was subjected to domestic violence on her grandmother's property in Jackson, Mississippi. Ms. Walton dialed 911 seeking protection. Upon arrival, JPD officers—including Dontavious Lee and Carl Ellis and John Does 1–10—arrested and/or ordered the arrest of Ms. Walton without interviewing witnesses or reviewing video evidence clearly demonstrating that she was the victim, not the aggressor. Despite being the victim, Plaintiff was wrongfully arrested and detained by JPD without probable cause and required to pay administrative costs before she was released.

11.    The JPD officers relied upon a department-wide policy or custom of arresting "everyone involved" in a domestic dispute, irrespective of probable cause or victim status. Defendants, through their employees and agents acting under color of state law, deprived Plaintiff of her rights under the Federal and State Law. Defendant's actions were intentional, malicious, and in reckless disregard of Plaintiff's rights.

12.    Ms. Walton was transported to RDC, booked, and forced to post administrative fees before her release.  She was confined in unsanitary and unsafe conditions.

13.    On March 14, 2024, a JPD officer named Juantavious Matthew signed and filed a materially false affidavit charging Ms. Walton with domestic-violence assault. Defendants intentionally filed a false affidavit in the Municipal Court, wrongfully charging Plaintiff with domestic violence despite evidence clearly identifying her as the victim.

14.    JPD filed an incident report on March 14, 2024, which labeled Plaintiff as the victim but contained errors, including the false statement that the alleged incident occurred at JPD headquarters. The report was fabricated, and the case was dismissed on July 8, 2024.

15.    During her confinement at RDC, Ms. Walton was housed in overcrowded cells with inoperable plumbing, inadequate bedding, rodent infestation, and pervasive violence. Defendants

knew of these unconstitutional conditions but failed to remedy them and placed the Plaintiff in said conditions anyway.

16.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained loss of liberty, humiliation, emotional distress, reputational harm, and physical discomfort.

## COUNT I – FALSE ARREST AND UNLAWFUL SEIZURE

17.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

18.    Plaintiff's Fourth Amendment right to be free from unreasonable seizure was violated when JPD arrested her without probable cause. The warrantless arrest of Plaintiff without probable cause violated the Fourth and Fourteenth Amendments.

19.    Juantavious Matthew, Dontavious Lee, Carl Ellis and John Does 1-5 acted under color of state law. Their conduct was violated Plaintiff's rights and caused her harm.

20.    The Defendants maintained policies or customs—including the "arrest-all domestic participants" practice and deficient probable-cause training—that were the moving force behind the violation, rendering the Defendants liable. Defendants failed to implement adequate policies to address and remediate the wrongful arrest and detention of victims, such as the Plaintiff.

21.    Plaintiff called the police department in order to seek help and protection, but instead was unlawfully detained by a police officers, Juantavious Matthew, Dontavious Lee and Carl Ellis, working for the Jackson Police Department.

22.    Defendants acted under color of law, and their actions were consistent with the policies or customs of the JPD, which required arrests in domestic disputes regardless of the victim's role.

23.    Defendants had actual and constructive knowledge of the Jackson Police Department's policy or custom of arresting victims of domestic violence and this policy or custom was the moving force that deprived Plaintiff of her constitutional rights.

24.    Defendant Jackson Police Department had actual knowledge of the policy or custom as it was the policymaker that instructed its officers to arrest anyone involved in any domestic dispute. This knowledge is evidenced by Plaintiff being told by the Defendants that it was the Jackson Police Department's policy to arrest anyone involved in a domestic dispute and by Plaintiff's arrest which occurred as a direct result of the policy.

25.    Defendants had constructive knowledge of the policy or custom as Plaintiff was prosecuted for being the victim of domestic abuse. This knowledge is evidenced by Plaintiff's name being included in the police report, Plaintiff being labeled the victim on the police report, and Defendants' insistence on prosecuting Plaintiff anyway.

26.    Defendants' arrest and detainment of Plaintiff, without an adequate investigation and despite Plaintiff being the documented victim, was objectively unreasonable.

27.    This unlawful arrest caused Plaintiff to suffer damages, including loss of liberty, humiliation, and emotional distress.

## COUNT II – MALICIOUS PROSECUTION

28.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

29.    Defendants maliciously and intentionally initiated and continued a criminal prosecution against Plaintiff without probable cause, with malice.

30.    The proceeding was terminated in Plaintiff's favor on July 8, 2024. Defendants knew or should have known that the charges were baseless, particularly given that Plaintiff was the named victim in the police report.

31.    Defendants acted with malice in commencing and continuing the prosecution, and Plaintiff suffered reputational harm, emotional distress, and financial loss as a result.

## COUNT III – FABRICATION/DUE PROCESS

32.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

33.    By submitting and/or facilitating a false affidavit and omitting exculpatory facts, Defendants violated Plaintiff's clearly established Fourteenth-Amendment right to be free from evidence fabrication and wrongful legal process.

34.    This unlawful arrest caused Plaintiff to suffer damages, including loss of liberty, humiliation, and emotional distress.

## COUNT IV – NEGLIGENCE AND GROSS NEGLIGENCE

35.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

36.    Defendants owed Plaintiff a duty of care to conduct proper investigations and protect victims of domestic violence. Instead, they negligently and grossly negligently arrested and prosecuted Plaintiff despite clear evidence of her victim status.

37.    Defendants breached this duty by failing to properly investigate, fabricating reports, and pursuing criminal charges against Plaintiff without probable cause.

38.     Defendants owed duties of reasonable care in investigating crimes, determining probable

cause, and providing safe detention facilities.  Defendants' breaches directly and Proximately

caused Plaintiff's injuries.

39.     Plaintiff suffered physical, emotional, and financial harm as a direct result of Defendants'

negligence and gross negligence.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth

herein.

41.     Defendants' actions in arresting and prosecuting Plaintiff, a documented victim of

domestic violence, were outrageous and beyond the bounds of decency.

42.     These actions caused Plaintiff to suffer severe emotional distress, mental anguish, and

humiliation.

43.     It was foreseeable that wrongfully arresting and prosecuting a domestic violence survivor

would cause such distress.

### COUNT V – FALSE IMPRISONMENT & MALICICIOUS PROSECUTION

44.     Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth

herein.

45.     Defendants unlawfully detained Plaintiff without probable cause, depriving her of her

liberty in violation of her Fourth and Fourteenth Amendment rights. The acts of Defendants

constitute false arrest and imprisonment under Mississippi common law and timely written

notice was served on the Defendants.

46.     Plaintiff was held against her will for an extended period, despite no lawful justification

for her arrest or detention. By submitting a false affidavit and omitting exculpatory facts,

Defendants violated Plaintiff's clearly established right to be free from evidence fabrication and wrongful legal process. Defendants had actual knowledge of the policy or custom as they were the policymakers that instructed its officers to arrest anyone involved in any domestic dispute and Plaintiff's arrest occurred as a direct result of the unlawful policy.

47.    As a result of this false imprisonment, Plaintiff suffered severe emotional distress, humiliation, and financial losses.

## COUNT VI – CIVIL CONSPIRACY

48.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

49.    Defendants conspired to violate Plaintiff's constitutional rights by coordinating the arrest, fabrication of reports, and malicious prosecution.

50.    This conspiracy resulted in the unlawful arrest and detention of Plaintiff, causing emotional, reputational, and financial harm.

51.    Defendants acted with malice, knowingly participating in the conspiracy to harm Plaintiff.

## COUNT VII – DEFAMATION

52.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

53.    Defendants, through the false affidavit and police report, disseminated false and defamatory information that harmed Plaintiff's reputation in the community.

54.    These false statements were made with actual malice, and Defendants knew or should have known that the statements were false.

55.    Plaintiff suffered reputational damage, emotional distress, and financial loss as a direct result of Defendants' defamatory conduct.

## COUNT VIII – FALSE LIGHT INVASION OF PRIVACY

56.    Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

57.    By wrongfully arresting and prosecuting Plaintiff, Defendants placed her in a false light in the public eye, causing harm to her reputation and emotional well-being.

58.    The false information was publicized by the Defendants with reckless disregard for its falsity, causing Plaintiff severe emotional and reputational harm.

## DAMAGES

59.    Plaintiff suffered damages, including but not limited to, loss of liberty, emotional distress, reputational harm, attorney fees, and loss of income. Plaintiff seeks all damages recoverable at law, including but not limited to: loss of liberty; physical discomfort; mental anguish; embarrassment; reputational injury; lost income and expenses; and attorneys' fees under 42 U.S.C. § 1988.

## PUNITIVE DAMAGES

60.    Defendants acted maliciously, willfully, and recklessly in arresting, detaining, and prosecuting Plaintiff. Plaintiff is entitled to punitive damages in an amount sufficient to deter Defendants from engaging in similar conduct in the future.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

•    Compensatory damages for Plaintiff's loss of liberty, emotional distress, reputational harm, and financial loss.

- Punitive damages to deter future misconduct by Defendants.

- Attorney fees and costs of this action pursuant to 42 U.S.C. § 1988.

- Pre- and post-judgment interest.

- Any such other relief as the Court deems just and proper.

Respectfully submitted,

TASHAKI WALTON

Robert B. Ogletree, Esq

Of Counsel:

Robert B. Ogletree MB # 10427)
Robert B. Ogletree, PLLC
1640 Lelia Drive, Suite 105
Jackson, MS 39216
(601) 345-2900
rbogletree@gmail.com